UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Darren Brady,

      Plaintiff,

          v.                                          Civil Action No. 5:12-cv-41

Andrew Pallito, Commissioner of
Vermont Department of Corrections,

      Defendant.

## **REPORT AND RECOMMENDATION**
(Doc. 15)

Plaintiff Darren Brady commenced this action *pro se*, pursuant to 42 U.S.C. § 1983, initially against Defendant Chittenden Correctional Facility, claiming violations of his federal constitutional rights and his rights under the Americans with Disabilities Act of 1990 ("ADA"). (Doc. 5.) In his original Complaint, Brady alleged that his July 2011 arrest was unlawful, and that he was assaulted by an inmate during the subsequent unlawful imprisonment. (*Id.* at 4.) Defendant filed a motion to dismiss Brady's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 7.) The motion was granted, and Brady was granted leave to file an amended complaint. (Docs. 10, 12.) On November 20, 2012, Brady filed an "Amendment to Complaint" (hereafter referred to as the "Amended Complaint"), wherein he expressly abandons his federal claims and brings an unspecified state "tort claim" against Andrew Pallito, Commissioner, Vermont Department of Corrections. (Doc. 11 at 1, 2.)

Presently before the court is Defendant's motion to dismiss the Amended Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a cause of action under Fed. R. Civ. P. 12(b)(6). (Doc. 15.) For the reasons stated below, I recommend that Defendant's motion be GRANTED and the Amended Complaint be DISMISSED without leave to amend.

## BACKGROUND

For purposes of the motion to dismiss, all facts alleged in the Amended Complaint are accepted as true.

In the original Complaint, Brady raised two distinct factual allegations. First, he challenged the lawfulness of his July 2011 arrest and subsequent detention, claiming that the police and the St. Albans Probation Department "forced their way into [his] home, with no search warrant [and] no arrest warrant, and . . . arrested [him]"; and that prison officials accepted him into the Chittenden Correctional Facility without legal justification. (Doc. 5 at 4 ("I legally shouldn't have been in the prison.").) Second, Brady alleged that, following his arrest and arrival at the Chittenden Correctional Facility, he was "assaulted by an inmate." (*Id.*)

As stated above, Defendant moved to dismiss the original Complaint on various grounds. In a Report and Recommendation, I recommended that the Complaint be dismissed on the grounds that: (1) it failed to allege facts to support an ADA claim; (2) Defendant was a correctional facility, not a "person" amenable to suit under § 1983; (3) Defendant was entitled to the State's sovereign immunity; and (4) Brady failed to allege facts to support an Eighth Amendment claim arising from his alleged assault. (Doc. 10.)

Despite these deficiencies, I recommended that Brady be granted leave to amend the Complaint. (*Id.* at 10-11.) The Report and Recommendation was adopted in full by the district court. (Doc. 12.)

Before the district court adopted the Report and Recommendation, Brady filed an Amended Complaint which, as described briefly above, abandons the federal claims contained in the original Complaint; asserts a new unspecified state tort claim; and substitutes Pallito as the defendant, in place of the previously-named Chittenden Correctional Facility. (Doc. 11.) The Amended Complaint specifically states that Brady is not challenging the validity of his incarceration, but rather, the validity of his arrest: "I'm not challenging the validity of my incarceration, I'm challenging being kidnapped and taken to jail, without any legal paperwork." (*Id.* at 3).

Pallito now moves to dismiss the Amended Complaint, arguing that the court lacks subject matter jurisdiction, as Brady has abandoned his federal claims. (Doc. 15.) Pallito further asserts that the doctrine of absolute immunity, applicable to the State's highest executive officers when acting in the scope of their authority, bars Brady's claim. (*Id.*) Finally, Pallito asserts that any claim brought against him in his official capacity is barred by the doctrine of state sovereign immunity. (*Id.*) Brady has not responded to Pallito's motion to dismiss.

## ANALYSIS

I.   **Standard of Review**

   A.   **Rule 12(b)(1) Motion to Dismiss**

   "'A case is properly dismissed for lack of subject matter jurisdiction under Rule

12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" *Roman v. C.I.A.*, No. 11–CV–5944 (JFB)(WDW), 2013 WL 210224, at *4 (E.D.N.Y. Jan.18, 2013) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). It is well-settled that the "plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)). In reviewing a Rule 12(b)(1) motion to dismiss, the court "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiff[ ]." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). Moreover, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id*.

### B. Rule 12(b)(6) Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 65 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although the court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, "[c]onclusory allegations or legal conclusions masquerading as factual

4

conclusions will not suffice to [defeat] a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (alterations in original) (quotation marks omitted).

Where, as here, the plaintiff is proceeding *pro se*, courts are obligated to construe the pleadings liberally. *See, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). But still, a *pro se* plaintiff's complaint must state a claim to relief that is plausible on its face. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010).

## II.  Subject Matter Jurisdiction

Pallito correctly argues that the court lacks subject matter jurisdiction, given Brady's failure to allege any federal claims or diversity of citizenship in the Amended Complaint. "Federal courts are courts of limited jurisdiction," and can adjudicate only those cases entrusted to them by the Constitution or an Act of Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012). The court should presume it does not have subject matter jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *Ordonez v. USAA*, No. 11CV 5286(HB), 2013 WL 837599, at *2 (S.D.N.Y. Mar. 6, 2013) ("[A]s the party asserting jurisdiction, it is [the plaintiff's] burden to show by a preponderance of the evidence that subject matter jurisdiction exists.").

Brady's Amended Complaint explicitly "drop[s]" his federal law claims, i.e., his § 1983 and ADA claims, and "replace[s]" them with a Vermont "tort claim." (Doc. 11 at 1,

¶ B.) Because Brady fails to plead any cause of action implicating federal law, he cannot invoke the court's federal question jurisdiction. *See, e.g.*, *Ordonez*, 2013 WL 837599, at *2 (no federal question jurisdiction over state law claim for negligence); *E. States Health & Welfare Fund v. Philip Morris, Inc.*, 11 F. Supp. 2d 384, 399 (S.D.N.Y. 1998) (state tort law claims "in no way give rise to federal question jurisdiction")). Nor may Brady invoke "diversity jurisdiction" under 28 U.S.C. § 1332, as Brady and Pallito are both citizens of Vermont. (*See* Doc. 5 at 1; *id.* at 4, ¶ 6 (describing Brady's arrest from his home in St. Albans, Vermont).)

For these reasons, the Amended Complaint should be dismissed for lack of subject matter jurisdiction.

### III. Absolute Immunity

Even assuming *arguendo* that the court has subject matter jurisdiction over the Amended Complaint, Brady's tort claim against Pallito is barred by the doctrine of absolute immunity, given Pallito's status as Vermont's Commissioner of Corrections. In Vermont, "[a]bsolute immunity applies to judges, legislators[,] and *the state's highest executive officers* when they are acting within their respective authorities." *LaShay v. Dep't of Soc. and Rehab. Servs.*, 160 Vt. 60, 64, 625 A.2d 224, 227 (1993) (emphasis added); *see also Curran v. Marcille*, 152 Vt. 247, 248-49, 565 A.2d 1362, 1363 (1989); *Libercent v. Aldrich*, 149 Vt. 76, 81, 539 A.2d 981, 984 (1987). The Vermont Supreme Court has held that the Commissioner of Corrections is among Vermont's "highest executive officers" for immunity purposes, and thus is protected by absolute immunity so long as the acts attributed to him are within the "the scope of [his] authority." *Curran*,

152 Vt. at 249, 565 A.2d at 1363.

The Amended Complaint does not allege any conduct by Pallito that is beyond the scope of his enumerated powers. *See* 28 V.S.A. § 102 (charging the Commissioner of Corrections with the power to supervise the administration of the Vermont Department of Corrections and enumerating various other powers). In fact, the Amended Complaint does not allege any personal involvement at all by Pallito. Therefore, Pallito is entitled to absolute immunity, and the Amended Complaint should be dismissed on this ground.

## IV. Personal Involvement

Pallito next argues that, in the event Brady maintains federal constitutional claims (despite his explicit abandonment of those claims in his Amended Complaint), those claims should be dismissed as well, because, as stated above, the Amended Complaint fails to allege Pallito's personal involvement in an alleged constitutional violation. It is well established in the Second Circuit that a prison official cannot be held personally liable under § 1983 either on the basis of respondeat superior, *see Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998), or simply because he or she sits atop the prison hierarchy, *see Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995). Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Direct participation, however, is not necessary. Personal involvement can also be shown by evidence that: (1) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (2) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or

7

custom; (3) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (4) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *Colon*, 58 F.3d at 873.

Brady's Amended Complaint alleges none of these facts. Rather, the only reference to Pallito in the Amended Complaint is as follows: "I would humbly like to (change) the name of Chittenden Corr[ectional] facility to (Commissioner Andrew Pillito [sic])." (Doc. 11 at 2.) Because Pallito is not alleged to have had any personal involvement in any constitutional violation, the claim against him should be dismissed.

**V.     Sovereign Immunity**

Pallito also correctly moves to dismiss any claim Brady alleges against him in his official capacity pursuant to the doctrine of state sovereign immunity. The Eleventh Amendment generally provides immunity to state officials acting in their official capacity from suits for monetary damages in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-98 (1984). There are only two circumstances when this general rule does not apply: (1) when a state expressly consents to suit, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); and (2) when Congress overrides this immunity by exercising its powers under the Fourteenth Amendment, *see Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 80 (2000).

Here, the State of Vermont has not consented to be sued in this lawsuit, but rather, has expressly retained its Eleventh Amendment immunity. *See* 12 V.S.A. § 5601(g) ("Nothing in this chapter waives the rights of the state under the Eleventh Amendment of

the United States Constitution."). Moreover, Congress has not abrogated Vermont's immunity through enacting legislation. *See Quern v. Jordan*, 440 U.S. 332, 342 (1979) (holding 42 U.S.C. § 1983 does not abrogate states' Eleventh Amendment immunity). Thus, Pallito, as Vermont's Commissioner of Corrections, enjoys the benefit of Vermont's sovereign immunity from actions taken against him in his official capacity, *see Kentucky v. Graham*, 473 U.S. 159, 169 (1985), and any claim of monetary damages asserted against him in his official capacity should be dismissed.

## **CONCLUSION**

In his Amended Complaint, Brady replaced his federal claims with an unspecified state tort claim. As explained above, the court lacks subject matter jurisdiction over this new claim. Moreover, Pallito is absolutely immune from the claim. Furthermore, even if the Amended Complaint is liberally construed to comprise a federal constitutional claim, the claim fails because there are no allegations of Pallito's personal involvement in an alleged constitutional violation. For these reasons, I recommend that Defendant's motion to dismiss the Amended Complaint be GRANTED, and this case be DISMISSED without prejudice. Further leave to amend is not warranted, as the court has already granted Brady leave to amend his original Complaint, and further amendment would be futile.

Dated at Burlington, in the District of Vermont, this 3rd day of May, 2013.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

9

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).